# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

Sharon Henderson,

              Plaintiff,

v.

The United States of America,

              Defendants.

Civil Action No:

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff, Sharon Henderson ("Henderson"), though counsel, alleges the following facts and claims against Defendant, United States of America, for her severe and permanent personal injuries that occurred following a surgery that was performed on June 15, 2021 at the Fayetteville VA Medical Center.

**PARTIES, JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

1. Plaintiff Sharon Henderson is a citizen and resident of Cumberland County, North Carolina.

2. Defendant the United States of America owns and operates the Fayetteville VA Medical Center at 2300 Ramsey Street, Fayetteville, NC 28301 (the VA Medical Center).

3. At all times relevant to this Complaint, the VA Medical Center and the United States held the Medical Center out to the Plaintiff and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

4. At all times relevant to this Complaint, the directors, officers, operators, administrators,

1

employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

5. Sharon Henderson asserts a claim against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2761, et seq., for money damages as compensation for the personal injuries that the United States of America caused through the negligent and wrongful acts and omissions of the United States' employees while acting within the course and scope of their offices and employment under circumstances where the United States of America, if a private person, would be liable to Ms. Henderson under North Carolina law.

6. This Court has jurisdiction over the Ms. Henderson's claims against the United States of America under 28 U.S.C. § 1346(b)(1).

7. Venue is proper in this Court because all or a substantial part of the acts or omissions forming the basis of this claim occurred in Fayetteville, North Carolina, in the Eastern District of North Carolina.

8. Sharon Henderson has fully complied with 28 U.S.C. § 2675.

9. Ms. Henderson has timely served her Claims for Damage, Injury, or Death to the Department of Veterans Affairs (the Claims). Ms. Henderson served their Claims on June 14, 2023. Plaintiff received a denial of her claim on November 13, 2024 via certified mail.

10. With the filing of this action based upon common law negligence and negligence based on the doctrine of res ipsa loquitor under Rule 9(j)(3), the Plaintiff is also seeking an extension of ninety (90) days pursuant to N.C.G.S. 9(j) of ninety days to secure the necessary 9(j) opinion of a practicing physician to file a medical negligence under the provisions of N.C.G.S. § 1A-1, r. 9.

2

## FACTS

11. Sharon Henderson honorably served the United States in the United States Army for twenty-six years before she retired from active duty in September of 2013 as a Lieutenant Colonel. Ms. Henderson has been an employee of the VA Medical Center in Fayetteville, North Carolina for over eight years and currently serves as a Health Systems Specialist.

12. The VA Medical Center provides for the health care needs of Veterans like Ms. Henderson.

13. On June 15, 2021, Ms. Henderson visited the VA Medical Center to receive medical treatment in the form of surgery to remove breast implants and a breast reduction to be performed by Dr. Emmanuel Bonnecarrere.

14. Shortly after the procedure, Ms. Henderson began to exhibit signs of pain, redness and warmth of breast indicative of infection. Unfortunately when she went in to see Dr. Bonnecarrere and his support staff at the VA Medical Center on several follow-up visits, and even though the infection was a known risk of this surgery, Dr. Bonnecarrere and members of his staff failed to properly evaluate the infection and thus failed to take any measures toward treating the infection in the early stages to prevent severe medical issues.

15. As a result of Dr. Bonnecarrere's failure and the failure of the other supporting staff at the VA Medical Center to diagnose and address the signs of the infection, Plaintiff developed a severe and life-threatening infection and ended up in the emergency room on July 11, 2021, where she underwent emergency surgery on July 12, 2021, to debride the infected breast and remove the substantial volumes of infection fluid of approximately five fluid ounces.

16. Additionally, Ms. Henderson endured significant pain as well as significant mental and emotional distress and trauma as a result of her injuries.

3

## COUNT I: NEGLIGENCE

17. Plaintiff incorporates herein her allegations contained in Paragraphs 1 through 16 of the Complaint as if fully set forth.

18. Preserving her right to pursue an alternative claim for personal injuries under medical malpractice as provided under Rule 9(j) of the North Carolina Rules of Civil Procedure, Plaintiff says and alleges that the evidence in of itself established that the Plaintiff developed after surgery an infection which was clearly observable and as a consequence of her surgery, and further that the condition of the infection continued to advance and worsen to a dangerous stage.

19. The Plaintiff presented repeatedly to Dr. Bonnecarrere and the staff at the VA Medical Center, and the evidence in and of itself establishes that there were no measures taken that would be the common and usual measures taken by a healthcare facility and practitioners to address the infection and appropriately prevent it from advancing to a critical and potentially fatal stage.

20. The Defendant's failure to act appropriately and the continued worsening and injuries resulting to the Plaintiff do not require medical opinion or testimony, as the injuries and condition of the patient under the care of the Defendant's agent and employees, is sufficient to create an issue of fact for the jury regarding negligence of the Defendant without a medical opinion under Rule 9(j) of the North Carolina Rules of Civil Procedure.

21. The direct initial cause of the infection is not available, however, the post-surgical monitoring and treatment was under the sole and required control of Dr. Bonnecarrere and the staff at the VA Medical Center, and the continuation of the infection and the type of serious injury that resulted to the Plaintiff because of the unchecked, untreated advanced infection does not ordinarily occur in the absence of some negligent act or omission.

4

22. Under the doctrine of res ipsa loquitur, the Plaintiff is entitled to recovery against the Defendant, a sum in excess of $75,000.00 for the serious and permanent personal injuries she sustained.

23. The acts and omissions set forth above would constitute a claim under the laws of the State of North Carolina and are recoverable under the doctrine of res ispa loquitur and the Defendant is thus liable to the Plaintiff pursuant to 28 U.S.C. 1346(b)(1).

## DAMAGES AND PRAYER FOR RELIEF

The Plaintiff, Sharon Henderson, prays the Court, preserving her right to amend her Complaint to include a medical malpractice claim under Rule 9(j) of the North Carolina Rules of Civil Procedure, for the following:

1.  Compensatory damages in excess of $75,000.00 to be determined by the court;

2.  For the costs of this action, including pre- and post-judgment interest.

3.  Any other and further relief that the Court deems just and appropriate.

This the _12th__ day of May, 2025.

ANDERSON, JOHNSON, LAWRENCE
& BUTLER, L.L.P.


By: ___/s/Steven C. Lawrence____
      Steven C. Lawrence
N.C. State Bar No. 12464
109 Broadfoot Avenue
P. O. Box 53945
Fayetteville, NC  28305
Telephone:  (910) 483-1171
Facsimile:  (910) 483-5005
*Attorney for Plaintiff*